UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| JANET BROWN,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF SAN FRANCISCO, et al.,<br><br>    Defendants. | Case No. 24-cv-00466-LB<br><br>**ORDER REGARDING SERVICE AND JURISDICTION**<br><br>Re: ECF Nos. 1, 9 |

The plaintiff filed a complaint against the defendants on January 25, 2024.[1] Under Federal Rule of Civil Procedure 4(m), a plaintiff has 90 days to serve the complaint and summons on a defendant. Fed. R. Civ. P. 4(m), 6(a)(1)(C). The defendants are (1) the City of San Francisco, (2) "David G. Winford and/or Alla Urisman, Trustees, et al," and (3) Derik N. Lewis, Esq.[2] The plaintiff's proof of service shows service on (1) California Secretary of State Shirley N. Weber, Ph.D., (2) ZBS Law Firm; and (3) Vantis Law Firm.[3] The State Bar's website lists Mr. Lewis as an attorney at Vantis. The complaint alleges that "[t]his suit originates from the actions of the Superior Court of

---

[1] Compl. – ECF No. 1. Citations refer to the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *Id.* at 1.

[3] Proof of Serv. – ECF No. 9.

ORDER – No. 24-cv-00466-LB

California, County of San Francisco, Case # No. CUD-23-672671."[4] That lawsuit allegedly was an illegal foreclosure that forced the plaintiff to sell her property at 9 Carpenter Court, San Francisco. She now lives there as a tenant.[5] Through their allegedly wrongful acts in connection with that lawsuit, the defendants allegedly violated the plaintiff's constitutional rights and committed fraud in violation of federal law, entitling her to damages and an injunction.[6]

The court identifies a few issues for the plaintiff's consideration.

First, the plaintiff attempted to serve the City of San Francisco through the California Secretary of State. From the reference to the state case, the court gleans that the plaintiff means to sue the state court. A google search suggests that Alla Urisman may work for the administrative office of the courts. Judges are absolutely immune from liability for damages for their decisions arising out of the exercise of their judicial functions. *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Sharnese v. California*, 547 F. App'x 820, 822–23 (9th Cir. 2013). This immunity extends to individuals — such as the court clerks — performing functions necessary to the judicial process. *Miller v. Gammie*, 335 F.3d 889, 895–96 (9th Cir. 2003).

Second, to the extent that the plaintiff challenges a state judge's decisions, she cannot do so in this lawsuit. Under the *Rooker-Feldman* doctrine, lower federal courts lack subject-matter jurisdiction to hear direct or de facto appeals from state-court judgments. *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fid. Trust Co.,* 263 U.S. 413, 416 (1923); *Fowler v. Guerin*, 899 F.3d 1112, 1119 (9th Cir. 2018). The plaintiff's remedy is to appeal the decisions, not collaterally attack them in a lawsuit filed in federal court. If the state proceedings are ongoing and are in the nature of an enforcement action against the plaintiff, abstention under *Younger v. Harris,* 401 U.S. 37 (1971), is implicated. *Younger* abstention has been expanded to cover civil enforcement actions and is required when three elements are present: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. *Middlesex Cnty.*

---

[4] Compl. – ECF No. 1 at 1 (¶ 2).

[5] *Id.* at 1 (caption refers to property address and a loan number), 2–3 (¶¶ 12–13).

[6] *Id.* at 2–4 (¶¶ 13–20 & Prayer for Relief).

ORDER – No. 24-cv-00466-LB                    2

*Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Dubinka v. Judges of the Super. Ct.*, 23 F.3d 218, 223 (9th Cir. 1994). The state proceedings must be pending, not merely available, and plaintiffs must be seeking relief that would interfere in some manner with the state court litigation. *Green v. City of Tucson,* 255 F.3d 1086, 1094 (9th Cir. 2001).

Third, if the state-court action is an unlawful-detainer action, and this lawsuit is an attempt to defeat it, an unlawful-detainer claim does not arise under federal law. The court thus lacks federal-question jurisdiction. *See, e.g.*, *Fed. Nat'l Mortg. Ass'n v. Lopez*, No. 3:11-cv-00451-WHA, 2011 WL 1465678, at *1 (N.D. Cal. Apr. 15, 2011); *GMAC Mortg., LLC v. Rosario*, No. 4:11-cv-01894-PJH, 2011 WL 1754053, at *2 (N.D. Cal. May 9, 2011). (The case number suggests that it is an unlawful-detainer action, but the court is unable to gain electronic access to the Superior Court's docket: a query of the docket number results in a response that the case is not available for viewing under Cal. Civ. Proc. Code § 1161.2, which restricts access to certain civil-case records.)

Fourth, 42 U.S.C. § 1983 allows individuals to sue government officials who violate their civil rights while acting "under color of any statute, ordinance, regulation, custom, or usage, of any State." 42 U.S.C. § 1983. "The 'under color of state law' requirement is an essential element of a § 1983 case, and it is the plaintiff's burden to establish this element." *Duenas v. Freitas*, No. 13-cv-00836-SBA, 2013 WL 3298249, at *5 (N.D. Cal. June 28, 2013) (citing *Lee v. Katz*, 276 F.3d 550, 553–54 (9th Cir. 2002)). "Purely private conduct, no matter how wrongful, is not covered under § 1983." *Id.* (citing *Ouzts v. Md. Nat'l Ins. Co.*, 505 F.2d 547, 559 (9th Cir. 1974)). For example, assuming Mr. Lewis is a lawyer, he is not a state actor, and there can be no § 1983 claim against him. The court cannot tell from the complaint who the defendants are or what they did.

Fifth, the plaintiff cites federal criminal statutes — e.g., 18 U.S.C. §§ 241 & 1343 — that do not provide private rights of action or convey jurisdiction in civil actions. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (cleaned up); *Sepehry-Fard v. Bank of N.Y. Mellon, N.A.*, No. 12-cv-1260-LHK, 2012 WL 4717870, at *4 (N.D. Cal. Oct. 2, 2012). Section 1343, the wire-fraud statute, can serve as a predicate act for a RICO violation. 18 U.S.C. § 1964. To state a civil RICO claim, a plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to the plaintiff's 'business or property.'"

*Grimmett v. Brown*, 75 F.3d 506, 510 (9th Cir. 1996); *Synopsys, Inc. v. Ubiquiti Networks, Inc.*, No. 17-cv-00561-WHO, 2017 WL 3485881, at *12 (N.D. Cal. Aug. 15, 2017) (citing *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 997 (9th Cir. 2014)). Among other things, the plaintiff has not alleged harm to her business or property. Also, where the defendants were merely conducting their ordinary business, there can be no RICO liability. *See, e.g.*, *In re JUUL Labs, Inc., Mktg., Sales Pracs., & Prod. Liab. Litig.*, 497 F. Supp. 3d 552, 598–600 (N.D. Cal. 2020).

Sixth, in addition to the lack of federal-question jurisdiction, there is no diversity jurisdiction. For diversity jurisdiction, the opposing parties must be citizens of different states, and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). The Supreme Court has interpreted § 1332(a) to require "complete diversity of citizenship" — that is, each plaintiff must be a citizen of a different state than each defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). The parties are not diverse.

Seventh, there are issues about service. Assuming that the plaintiff's lawsuit is at least in part against the courts or court staff, service is governed by Cal. Gov't Code § 955.9, which sets forth methods of service that do not include service on the Secretary of State. As to the three individual defendants, the proofs of service reflect service on law firms (not people) and also do not reflect service of the complaint.

By October 1, 2024, the plaintiff must file an update about whether she served the individuals and, if she did not, why she did not and her timeline for serving them. By that date, the plaintiff also must file a short addendum to her complaint explaining who the defendants are and what they did to harm her. Alternatively, if the plaintiff agrees that there is no federal jurisdiction over her claims, she can file a one-page notice of dismissal, which will operate as a dismissal without prejudice to the plaintiff's pursuing her claims in the appropriate forum. A failure to provide the additional information by October 1, 2024, may result in dismissal of the case without prejudice.

**IT IS SO ORDERED.**

Dated: September 17, 2024

LAUREL BEELER
United States Magistrate Judge