UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| JANET BROWN,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF SAN FRANCISCO, et al.,<br><br>    Defendants. | Case No. 24-cv-00466-LB<br><br>**ORDER REASSIGNING CASE; REPORT AND RECOMMENDATION TO DISMISS**<br><br>Re: ECF Nos. 1, 9, 13 |

    The plaintiff, who is representing herself, sued San Francisco defendants for their actions in an underlying unlawful-detainer action.[1] The court issued an order (attached) identifying deficiencies in the complaint, including the court's lack of subject-matter jurisdiction, the failure to serve the defendants, the federal criminal statutes do not have private rights of action, the immunity of state-court officials, the inability to collaterally attack state-court judgments in federal court, an unlawful-detainer action is not cognizable in federal court, and the lack of diversity jurisdiction. The court directed the plaintiff to supplement her complaint with an update about service and an explanation about who the defendants are and what they did.[2] In her supplement, the plaintiff

---

[1] Compl. – ECF No. 1 at 1; Suppl. to Compl. – ECF No. 13 at 1–2; Order – ECF No. 12. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Order – ECF No. 12.

ORDER; R. & R. – No. 24-cv-00466-LB

alleges that the City of San Francisco "unlawfully recorded the Deed of Trust" at issue, (2) David G. Winford "proceed[ed] with [an] illegal foreclosure," and (3) Derik N. Lewis committed malpractice by advising the plaintiff to remove her property from its trust; all of which adds nothing to change the court's earlier analysis.[3] There are no viable claims for the reasons in the earlier order. The case should be dismissed without prejudice to the plaintiff's pursuing any remedies she has in state court.

Because not all parties have appeared in the case and consented to magistrate-judge jurisdiction, the case must be reassigned. 28 U.S.C. 636(c)(1); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017). The court directs the Clerk of Court to reassign the case to a district judge and recommends that the newly assigned district judge dismiss the case. Any party must serve and file specific written objections to this recommendation within fourteen days after being served with a copy. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2); N.D. Cal. Civ. L.R. 72-3. Failure to file a written objection within the specified time may waive the right to appeal the district court's order.

**IT IS SO ORDERED AND RECOMMENDED.**

Dated: October 17, 2024

LAUREL BEELER
United States Magistrate Judge

---

[3] Suppl. to Compl. – ECF No. 13.