UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Plaintiff(s),
Janet Brown

vs.

Defendant(s).
City and County of San Francisco, David G. Winford et al. and Derik Lewis

Case Number: CV 24-00466

**JOINT CASE MANAGEMENT STATEMENT**

The partiy to the above-entitled action submit this JOINT CASE MANAGEMENT STATEMENT pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

1. Jurisdiction & Service

Pursuant to Article III, Section 2 of the U.S. Constitution, the federal courts have jurisdiction to hear cases arising under the Constitution, federal laws, and treaties of the United States. This case falls within federal jurisdiction under the "Contract Clause" of Article I, Section 10, Clause 1, which addresses contractual and property rights in relation to federal and state actions. The Contract Clause serves as the basis for jurisdiction in this matter, as it involves claims related to an unlawful foreclosure leading to eviction.

The Judiciary Act, though, Congress placed admiralty under the jurisdiction of the federal district courts.

This court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. 1331, which provides district courts with jurisdiction over civil actions arising under the United States Constitution or laws of the United States.

This court has personal jurisdiction over the defendants et al. corporations because the corporation's principal place of business is in this state.

Venue is proper pursuant to 28 U.S.C. 1391(b) because the events giving rise to the allegations in this complaint occurred in this district.

Federal court has jurisdiction over this case based on the following reasons:

a. 42 USC 1983 civil rights claim is Constitutional dispute.

b. The county and state are guilty of real estate deed fraud which is verified by the day-to-day process of registering homeowners' property deeds in their office.

c. The state is in control of the Plaintiffs property deed when there is no law that forces the Alleged Debtor(s) to register their property.

d. The state is paying the judge and providing a pension, 401-k, so other state court judges will have a conflict to hear this case in state court.

e. The State and county are the real parties responsible for the foreclosure on the Alleged Debtor(s) property using state-licensed sub-agencies to do the dirty work.

f. The amount of damage is over what the state court has jurisdiction to rule on. g. The Defendants et al. violated Federal Laws.

h. The Defendants et al. violated the Plaintiffs right to due process in state court which is liable under 42 U.S.C 1983 a federal civil rights statute.

i. There is no other court available for remedy.

2. Facts

Plaintiff initially received a solicitation from Derik Lewis and Vantis Law Firm, promising assistance in preventing foreclosure. Plaintiff retained Mr. Lewis, who indicated he could prevent

the foreclosure but was unsuccessful in negotiations with Redwood Trust Deed Services, Inc., the mortgage servicer. When Mr. Lewis advised that foreclosure was inevitable and suggested a sale, Plaintiff felt compelled to file for bankruptcy to protect the property, resulting in severe emotional distress.

Later, Plaintiff consulted with Mr. Orlando Acosta, who conducted a case review and discovered several issues. Mr. Acosta identified multiple conflicts of interest and alleged violations within the original mortgage agreement with Sun Pacific Mortgage and Redwood Trust Deed Services, Inc., as well as the retainer agreement with Mr. Lewis. Notably, Mr. Acosta found that GoldenOmega LLC, the entity listed as the document creator on the loan contract, was not registered to conduct business when the loan was originated.

Mr. Lewis, additionally, owned a real estate company and stated in the contract that he would prioritize his real estate company's interests over the Plaintiff's if it benefited him financially, thus not fully acting in the Plaintiff's best interest. Upon learning these findings, Mr. Acosta advised Plaintiff to immediately terminate Mr. Lewis's services.

  3. Legal Issues

Plaintiff asserts that the loan documents created by GoldenOmega LLC are void due to non-compliance with California's requirements for Legal Document Assistants under the California Business and Professions Code (BPC). Specifically, BPC § 6405 mandates that any person or entity charging fees for legal document preparation services must maintain a surety bond on record in the county where they operate. GoldenOmega LLC, which prepared loan documents associated with Plaintiff's transaction at the closing in November 2021, was suspended from conducting business in California from March 3, 2010, and was not bonded or

registered per BPC § 6405 at the time the loan documents were created. Consequently, the lack of compliance renders the documentation legally void, invalidating the loan agreement.

Additionally, Plaintiff contends that the recordation of deeds and reclassification of the private dwelling to a commercial property may violate the U.S. Constitution's Taxing and Spending Clause (Article I, Section 8, Clause 1), which governs taxation. According to Plaintiff, reclassification subjects the private residence to commercial property taxes, an imposition that could be considered unconstitutional under these provisions. Furthermore, Plaintiff argues that the improper reclassification has led to the merging of property taxes within the mortgage payments, further exacerbating the financial burden and rendering the loan agreement legally questionable.

4. Motions

No prior or pending motions have been filed in this case. However, Plaintiff anticipates filing a request for default judgment if Defendants fail to respond to the Case Management Statement. Additionally, Plaintiff intends to request a settlement statement to facilitate potential resolution discussions.

5. Amendment of Pleadings

No amendments to the pleadings have been made to date, as Defendants have not yet responded. Plaintiff reserves the right to amend the pleadings should Defendants file a responsive pleading.

6. Evidence Preservation

At the time of filing, Mr. Acosta attempted to contact Mr. Lewis to discuss relevant matters but received no response.

7. Disclosures

The Plaintiffs employed a verified process server to notify and serve all Defendants.

8. Discovery

Plaintiffs have been unable to address any discovery issues due to Defendants' continued non-responsiveness.

9. Class Actions

N/A

10. Related Cases

Superior Court of San Francisco, Judge Charles Haines, Real Estate Court, Department 501, Case # CUD-23-672671

11. Relief

Plaintiff seeks damages totaling $100,000,000 for the following claims:

1. Breach of the original mortgage agreement and retainer contract with Derik Lewis, Esq.
2. Legal malpractice and breach of fiduciary duty, where Defendants failed to uphold obligations for Plaintiff's representation.
3. Emotional distress resulting from Defendants' alleged perjury, false representations, and deceptive practices.
4. Economic losses, including pecuniary harm, due to the actions of Defendants.

Form updated January 17, 2023

12. Settlement and ADR

Plaintiffs have been unable to engage in any settlement discussions or Alternative Dispute Resolution (ADR) efforts due to a lack of communication from Defendants.

13. Other References

No, Plaintiffs prefer Jury litigation

14. Narrowing of Issues

Plaintiffs will evaluate the potential narrowing of issues if a response is received from the Defendants. As of the current date, no response has been provided.

15. Expedited Trial Procedure

To date, no expedited trial procedures have been issued by the court or any of the parties involved.

16. Scheduling

No developments have occurred up to this point.

17. Trial

Due to the defendants' lack of responsiveness, the plaintiffs are unable to ascertain whether the case will be tried by a jury or the court, nor can they estimate the expected duration of the trial.

18. Disclosure of Non-party Interested Entities or Persons

The following entities assert a security interest in the aforementioned private dwelling: Sun Pacific Mortgage Company, Redwood Trust Deed Services, and GoldenOmega LLC.

*Form updated January 17, 2023*

19. Professional Conduct

   The plaintiffs' power of attorney has reviewed the professional conduct guidelines applicable to the Northern District of California.

20. Other

   N/A

Form updated January 17, 2023

Dated: 10/28/2024

_____
Counsel for plaintiff

Dated: 

_____
Counsel for defendant

Form updated January 17, 2023